Judge Stites
delivered the opinion of the Court.
Although the delivery of the notes, with a blank indorsement thereon, by Thompson to appellants’ agent, may not, of itself, have vested them with the legal title thereto, it did invest them with a right to receive the amount thereof, to negotiate them, and with authority to complete the evidence of such legal title by filling up the blanks with a formal assignment to themselves. (Cope vs. Daniel, 9 Dana, 416.)
The re-delivery of the notes in contest, by the agent, with the blanks still unfilled, to Thompson, the payee, or to any one else, had the same effect as to such person, and conferred the same right to negotiate, collect or otherwise dispose of the notes.— (Story on Prom. Notes, 150; Bayley on Bills, 123-124.) It was not a full endorsement, mentioning the name of the party in whose favor it is made, and vesting him alone with power to negotiate or collect the paper, but a blank transfer, enabling the holder to fill up to himself, or pass the instrument to another by mere delivery.
One of the consequences resulting from this power to pass a bill or note with a blank indorsement, by mere delivery, is, that if such bill, or note, be lost or stolen, or fraudulently misapplied, any person who may become the holder of it in good faith, for value, and without notice, is entitled to recover the amount thereof, and hold the same against the rights of the *576 true owner at the time of the loss or theft. (Story on Prom. Notes, 148 : Chilly on Bills, 277; Story on Bills, 207.)
The principle is founded upon necessity, growing out of the peculiar character of notes and bills of exchange, constituting, as they do, in an important degree, a circulating medium of commerce. The adoption of any other rule, or the application of the principle of caveat emptor to persons thus honestly acquiring such paper, would necessarily tend to impair confidence in that species of commercial securities, and diminish greatly its usefulness for purposes of trade.
Here Jones, who obtained the note from Thompson, the bailee of appellants, occupies, so far as the record speaks, the attitude of a purchaser in good faith, for a valuable consideration, and without notice of their rights. He is entitled, as such, to sue for and recover the note thus acquired, and the bill of appellants, as to him, was rightfully dismissed. They, and^iot an innocent purchaser, must suffer from the perfidy of their agent.
As to Burks, and William H. Vanarsdale, the case should have been retained. Although the petition, as presented, did not authorize a judgment against them for the amount of their notes, it authorized the injunction prohibiting them from paying until it could be ascertained in whose hands they were. If the notes wrere in the hands of an innocent purchaser, or if they had paid them innocently to Thompson, of course appellants were not .entitled to relief, but otherwise they were. They did not answer the petition, and, as the case stood, the chancellor should have required appellants so to amend their petition, by appropriate allegations, as to compel an answer from them as to the whereabouts or existence of the notes, or authorize a judgment for the amount, upon indemnifying them against another action therefor, or, upon their failure so to do, dismissed their petition without prejudice.
*577 Wherefore, as to the appellees Jones and Cornell-us Vanarsdale, the judgment is affirmed; but it is reversed as to the other defendants, and cause remanded for further proceedings consistent herewith.