**Paul CROUSHORE and Ramona Croushore, Appellants,**

v.

**BAC HOME LOANS SERVICING, L.P., Appellee.**

No. 2010–CA–001866–MR.

Court of Appeals of Kentucky.

Oct. 5, 2012.

Paul Croushore, Pro Se, Ramona Croushore, Pro Se, Hebron, KY.

Bill L. Purtell, Cincinnati, OH, for Appellee.

Before LAMBERT, NICKELL, and TAYLOR, Judges.

*OPINION*

LAMBERT, Judge:

Paul and Ramona Croushore appeal from the September 9, 2010, order of the Boone Circuit Court in the foreclosure action brought against the Croushores by BAC Home Loans Servicing, L.P. ("BAC"). That order denied the Croushores' motion to compel and granted BAC's motion for summary judgment. Because we hold that there were no genuine issues of material fact and BAC was entitled to judgment as a matter of law, we affirm.

The Croushores are the owners of real property located at 1663 Cherry Blossom Court, Hebron, Kentucky, 41048. On March 9, 2009, the Croushores executed a note and mortgage to secure payment of the note with lender United Wholesale Mortgage ("UWM"). The mortgage was thereafter assigned to BAC on or about March 31, 2010. BAC was also the holder of the note. On March 31, 2010, BAC filed a complaint with the Boone Circuit Court seeking to foreclose upon the property for default on the note and mortgage. The complaint was amended on April 23, 2010. Following an answer from the Croushores, BAC moved for summary judgment. In

response, the Croushores argued that BAC had failed to prove ownership of the note and filed a motion to conduct discovery. BAC's motion for summary judgment was denied as premature and the parties were ordered to complete discovery.

Following discovery, BAC again moved for summary judgment. In response, the Croushores filed a motion to compel discovery and asserted that BAC failed to disclose the consideration paid for the note. BAC's motion for summary judgment was again denied as premature and the parties were ordered to complete discovery within forty-five days. BAC again moved for summary judgment and the Croushores again moved to compel BAC to disclose the amount of consideration paid for the note. On September 9, 2010, the trial court denied the Croushores' motion to compel and granted BAC's motion for summary judgment. Additionally, a judgment and order of sale was entered in BAC's favor. This appeal followed.

Our review of a trial court's grant of summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991). Summary judgment "is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Id.* "Only when it appears impossible for the non-moving party to produce evidence at trial warranting a judgment in his favor should the motion for summary judgment be granted." *Id.* at 482.

The Croushores' argument to this Court is that the trial court erred when it granted summary judgment in favor of BAC because BAC had failed to answer a relevant question during discovery. Additionally, the Croushores argue that they were denied a fair opportunity to investigate BAC's assertions that the note had been transferred, because the supporting documents were presented only in BAC's response to the Croushores' opposition to summary judgment and not sooner. For the following reasons, we disagree that there is any trial court error.

A holder is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Kentucky Revised Statutes (KRS) 355.1–201(2)(u)(1). A party lawfully in possession of the original note is entitled to enforce such note. *Stevenson v. Bank of America*, 359 S.W.3d 466, 470 (Ky.App. 2011). The record reflects that BAC has proven that they are lawfully in possession of the note on the Croushores' property. A copy of the original mortgage was attached to the March 31, 2010, complaint, and copies of the mortgage and assignment of mortgage were attached to the April 23, 2010, amended complaint. Both documents were filed in plenty of time for the Croushores to examine them and challenge their authenticity. Furthermore, the consideration exchanged between UWM and BAC is irrelevant to BAC's standing as holder of the note. The Croushores' attempts to ascertain such information appears to be nothing more than a red herring and an attempt to delay enforcement of a judgment in BAC's favor. Accordingly, we hold that there were no genuine issues as to any material fact, and BAC was entitled to judgment as a matter of law.

For the foregoing reasons, the September 9, 2010, order of the Boone Circuit Court is affirmed.

ALL CONCUR.