Tracy ACUFF and Tammy Acuff, Appellants

v.

WELLS FARGO BANK, N.A., and Third–Party Defendants Kenton County Kentucky; City of Independence, Kentucky; Mortgage Electronic Registration Systems; Flagstar Bank; and Shaw Estates Home Owner's Association, Appellees.

No. 2012–CA–001221–MR.

Court of Appeals of Kentucky.

May 9, 2014.

Rehearing Denied Sept. 2, 2014.

Discretionary Review Denied by Supreme Court June 3, 2015.

Tracy Acuff, Independence, KY, for Appellants.

Christy A. Ames, Katherine A. Bell, Bethany A. Breetz, Louisville, KY, for Appellees.

Before ACREE, Chief Judge; COMBS and DIXON, Judges.

## OPINION

DIXON, Judge:

Appellants, Tracy and Tammy Acuff, appeal *pro se* from an order of the Kenton Circuit Court granting summary judgment in favor of Appellee, Wells Fargo Bank, N.A., in this mortgage foreclosure action. For the reasons set forth herein, we conclude that summary judgment was premature and thus remand the matter to the trial court for further proceedings.

In October 2003, the Acuffs obtained a loan from Provident Funding Associates, LP, to purchase a home in Covington, Kentucky. To evidence the loan, Tammy Acuff executed a note in favor of Provident in the amount of $295,000. Both Acuffs executed a mortgage on the property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Provident. In July 2010, the Acuffs ceased making payments on the loan and thereafter sought to obtain a loan modification agreement. During one of the hearings in the trial court, Tracy Acuff explained that Wells Fargo, as the mortgage servicer, had informed the Acuffs that they needed to be ninety-days in default before a loan modification was a possibility.

Inexplicably, however, on October 2, 2010, Wells Fargo filed the instant foreclosure action in the Kenton Circuit Court seeking enforcement of the Acuffs' note and mortgage. The Complaint asserted that Wells Fargo was the current holder of both the note and mortgage. Attached to the complaint were copies of the mortgage between the Acuffs and MERS, and the note between the Acuffs and Provident. Significantly, however, an additional page

had been added to the note that contained the following endorsements:

The Acuffs responded to the complaint by challenging Wells Fargo's standing to bring the foreclosure action. Although the Acuffs acknowledged that Wells Fargo was the servicer of their note, they disputed that it was the actual holder of the note and pointed out that Wells Fargo had only attached a copy of such. Further, the Acuffs argued that the added endorsement page lacked any identifiable information connecting it to their note, such as the date of transfer, "property address, loan number, parcel identification number, or borrower's name." Finally, the Acuffs contended that there was no evidence that MERS had assigned the mortgage to Wells Fargo.

Two months after filing the initial complaint, Wells Fargo filed an amended complaint again asserting that it was the holder of the note and mortgage. Attached to the amended complaint was a copy of an assignment of the Acuffs' mortgage from MERS to Wells Fargo that had been executed on October 26, 2010, and filed of record with the Kenton County Clerk on November 4, 2010.

In October 2011, Wells Fargo filed a motion for summary judgment. However, the Acuffs thereafter filed a Chapter 7 Bankruptcy petition in United States Bankruptcy Court for the Eastern District of Kentucky and, due to the automatic stay, Wells Fargo was required to withdraw its motion and move the bankruptcy court for relief from the stay. Such relief was granted in December 2011, and Wells Fargo thereafter again moved the trial court for summary judgment and an *in rem* judgment against the property, since the Acuffs' personal liability on the debt had been discharged in the bankruptcy.

In response to the renewed motion for summary judgment, the Acuffs filed a motion to dismiss for lack of standing on the grounds that Wells Fargo was not the holder of both the note and mortgage at the time it filed the foreclosure action because MERS had not yet assigned the mortgage to Wells Fargo. In addition, the Acuffs responded to Wells Fargo's motion for summary judgment arguing that genuine issues of material fact existed as to whether Wells Fargo was the holder of the note. The Acuffs again pointed out that Wells Fargo had only produced a copy of the note and that such was insufficient to prove ownership.

Both parties' motions were referred to the Master Commissioner who, on April 11, 2012, entered a report and recommendation that the Acuffs' motion to dismiss be denied and that summary judgment be granted in favor of Wells Fargo. The Commissioner determined that the endorsement in blank by Wells Fargo Home Mortgage converted the note into bearer paper, and that transfer of possession was sufficient to transfer the rights under the note. KRS 355.3–109. Thus, the Commissioner found that Wells Fargo established it was the holder of the note as evidence by the attachment of a copy of the note to the Complaint.

The Acuffs thereafter filed objections to the Commissioner's findings claiming that (1) the endorsement on the note was undated and lacked information; (2) produc-

tion of only a copy of the note did not prove that Wells Fargo was in possession of the original note; (3) an internet web search indicated that Fannie Mae was the actual owner of the note and Wells Fargo was only the servicer; and (4) Wells Fargo had failed to respond to the Acuffs' qualified written request under the Real Estate Settlement Procedures Act for production of the original note.

On June 12, 2012, the trial court accepted the Commissioner's recommendation and entered an *in rem* summary judgment and order of sale in favor of Wells Fargo. This appeal ensued. Additional facts are set forth as necessary.

Our standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 480 (Ky.1991). Summary judgment is proper only "where the movant shows that the adverse party could not prevail under any circumstances." *Id.*

On appeal, the Acuffs argue that the trial court erred in finding that Wells Fargo had standing to pursue the foreclosure action because it has never proven that it is the holder of the note and it was not the holder of the mortgage at the time the action was filed. The Acuffs also challenge the trial court's jurisdiction to hear the case as well as the validity of Wells Fargo's amended complaint. After reviewing the record and applicable law, we are of the opinion that a genuine issue of material fact exists as to Wells Fargo's status as the holder of the original note at the time the foreclosure action was initiated. As such, we conclude that summary judgment was inappropriate.

CR 17.01, provides, in pertinent part, that "[e]very action shall be prosecuted in the name of the real party in interest, but a personal representative ... may bring an action without joining the party or parties for whose benefit it is prosecuted. Nothing herein, however, shall abrogate or take away an individual's right to sue." In *Harris v. Jackson,* 192 S.W.3d 297, 303 (Ky.2006), our Supreme Court held that "[t]he real party in interest is one who is entitled to the benefits of the action upon the successful termination thereof. *Stuart v. Richardson,* 407 S.W.2d 716, 717 (Ky.1966); *Brandon v. Combs,* 666 S.W.2d 755, 759 (Ky.App.1983). A real party in interest then, is a person, or entity, which wins, or loses, dependent upon the resolution of the questions." Accordingly, the benchmark for standing is "a judicially recognizable interest in the subject matter." *City of Louisville v. Stock Yards Bank & Trust, Co.,* 843 S.W.2d 327, 328 (Ky.1992). The interest of a party must be a present or substantial interest as distinguished from a mere expectancy. *Ashland v. Ashland F.O.P. No. 3, Inc.,* 888 S.W.2d 667, 668 (Ky.1994); *see also Plaza B.V. v. Stephens,* 913 S.W.2d 319, 322 (Ky.1996). Finally, "[t]he issue of standing must be decided on the facts of each case." *Rose v. Council for Better Educ., Inc.,* 790 S.W.2d 186, 202 (Ky.1989). A determination of whether Wells Fargo is the real party in interest hinges upon

whether it was the holder of the note and requires an examination of the applicable provisions of Kentucky's Uniform Commercial Code, KRS Chapter 355.

Generally, in foreclosure cases, the real party in interest is the current holder of the note and/or mortgage. KRS 355.1–201(2)(u)(1) defines a "holder" in relevant part, as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" The copy of the note Wells Fargo attached to its complaint contained an additional page with a special endorsement from Provident to Wells Fargo Home Mortgage, as well as a blank endorsement by Wells Fargo Home Mortgage. The master commissioner herein correctly observed that "[w]hen endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specifically endorsed." KRS 355.3–205(2); See also KRS 355.3–201(1). The official commentary to KRS 355.3–201 explains that negotiation "always requires a change in the possession of the instrument because nobody can be a holder without possessing the instrument, either directly or through an agent." As the Tenth Circuit Court of Appeals in *In re Miller*, 666 F.3d 1255, 1263–64 (10th Cir.2012) noted,

> "Possession is an element designed to prevent two or more claimants from qualifying as holders who could take free of the other party's claim of ownership." *Georg v. Metro Contractors, Inc.*, 178 P.3d 1209, 1213 (Colo.2008).... "With rare exceptions, those claiming to be holders have physical ownership of the instrument in question." *Id.* ... In the case of bearer paper such as the Note, physical possession is essential because it constitutes proof of ownership and a consequent right to payment.

In his report and recommendation, the master commissioner relied upon the decision in *Stevenson v. Bank of America*, 359 S.W.3d 466 (Ky.App.2011), which is factually similar to the instant case. Therein, the Stevensons claimed that Bank of America ("BAC") was not the real party in interest and thus did not have standing to bring a foreclosure action because the assignment of their mortgage to BAC was not filed until after the foreclosure action was initiated. A panel of this Court disagreed, finding that the timing of the assignment was irrelevant because BAC was also in possession of the Stevenson's original promissory note:

> Stevenson contends BAC did not have standing because the assignment of mortgage was not filed until after the initiating complaint. Thus, Stevenson believes BAC merely had an expectancy of an interest when it filed the complaint....

> The record reflects [the original holder of the note] endorsed the note in blank, transforming it into a bearer paper pursuant to KRS 355.3–109, and that BAC obtained rights to the note and the accompanying mortgage in August of 2009. BAC asserted that it was the holder of the note and was in possession of the original note. In support of its position, although it had previously produced exact copies of the documents, BAC produced the original note and mortgage before the Master Commissioner and Stevenson was permitted to inspect the documents. BAC noted that the assignment of mortgage was executed solely for the purpose of memorializing the transaction and updating the public records. The Master Commissioner was satisfied that BAC was, in fact, the holder of the note and entitled to maintain the instant action as the real party in interest.

Contrary to Stevenson's contention, the assignment of mortgage was not the document which transferred enforcement rights on the note to BAC, and the date of its execution is immaterial to the case at bar. Pursuant to KRS 355.3–201(2), "negotiation" means "a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder. . . . If an instrument is payable by bearer, it may be negotiated by transfer of possession alone." Stevenson fails to comprehend that when the note was endorsed in blank it became a bearer instrument and no assignment was necessarily required to transfer the right to collect and enforce the note. Mere possession of the original note was sufficient. Because BAC was lawfully in possession of the original note, clearly it was entitled to enforce the obligations secured thereby and was the real party in interest in the litigation below.

359 S.W.3d at 469–70. What is significant, yet distinguishable from the instant case, is that the master commissioner in *Stevenson* ordered BAC to produce the original note for inspection. *Id.* at 468. Thus, there was no question that BAC was in physical possession of the note. The master commissioner herein essentially ignored such fact, commenting that there was "nothing in the court record establishing that the Acuffs ever asked for production of the original note." [1]

Our review of the record indicates that the Acuffs challenged Wells Fargo's possession of the note beginning with their answer. Clearly, whether Wells Fargo is the real party in interest is an issue that

has been present since this case's inception. Admittedly, Wells Fargo attached a copy of the Acuffs' note to its foreclosure complaint. However, the blank endorsement on the note is contained on a separate page, not numbered in correspondence to the note itself, and contains no identifying information that establishes that it is indeed related to the note. Furthermore, we would be remiss if we did not point out that Wells Fargo asserted in its initial complaint that it was the holder of **both** the Acuffs' mortgage and note when, in fact, the mortgage was not assigned until several weeks after the complaint was filed. While *Stevenson* holds that such is not dispositive of Wells Fargo's standing **if** it possessed the original note at the time the foreclosure action was commenced, it does further raise a genuine issue of material fact as to Wells Fargo's status of a "holder" at the commencement of the action.

It is well-settled that a party seeking foreclosure must establish by sufficient evidence ownership or the right to otherwise collect the debt. However, whether or under what circumstances it is necessary for that party to produce the original note involved in a mortgage foreclosure is much more unclear. *Necessity of Production of Original Note Involved in Mortgage Foreclosure—Twenty–First Century Cases*, 86 A.L.R.6th 411 (2013). Contrary to the master commissioner's report, we believe the *Stevenson* decision supports the proposition that where, as here, a plaintiff attempts to enforce bearer paper as the holder thereof and a defendant raises an issue as to actual possession

---

1. On January 28, 2012, the Acuffs did, in fact, file a qualified written request with Wells Fargo for production of the original promissory note. Inexplicably, it does not appear that such document was filed of record or

even brought to the attention of the master commissioner until the Acuffs filed their exceptions to his report. Wells Fargo has never responded to the request for production.

of the original note, the purported holder has a duty to establish such as required by Kentucky's U.C.C.

As the party moving for summary judgment, it was incumbent upon Wells Fargo to demonstrate that there existed no genuine issues of material fact. *Steelvest*, 807 S.W.2d at 480. We must conclude that the evidence in the record, as it currently stands and viewed in the light most favorable to the Acuffs, is insufficient to establish whether Wells Fargo was the holder of the Acuffs' original note and thus, the real party in interest at the time the foreclosure action was filed. Because genuine issues of material fact existed, the trial court erred in granting summary judgment.

For the foregoing reasons, the Kenton Circuit Court's in rem judgment and order of sale is reversed and this matter is remanded for further proceedings consistent with this opinion.

ALL CONCUR.