NOTICE
Decision filed 07/20/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 130470

NO. 5-13-0470

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 11-CH-1035 |
| | ) | |
| LEONARD W. ADAMS and KIMBERLY A. ADAMS, | ) | |
| | ) | Honorable |
| | ) | Stephen P. McGlynn, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.

Presiding Justice Cates and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    This is an appeal involving a residential mortgage foreclosure action. Plaintiff, CitiMortgage, Inc., alleges defendants, Leonard Adams and Kimberly Adams, failed to make monthly installment payments for principal, taxes, and interest pursuant to a mortgage. As a result of defendants' alleged failure to make payments, plaintiff filed a complaint to foreclose mortgage in the trial court. The trial court confirmed the foreclosure sale and later denied defendants' two separate motions to reconsider.

¶ 2    Defendants now appeal the trial court's order in favor of plaintiff and against

1

defendants approving the foreclosure sale, and appeal the trial court's order denying defendants' motions to reconsider. Defendants allege the trial court abused its discretion when it confirmed the foreclosure sale.

¶ 3 Prior to the foreclosure sale, defendants assert they applied for assistance under the Home Affordable Modification Program (HAMP), a component of the Making Home Affordable Program established by the United States Department of the Treasury pursuant to the Emergency Economic Stabilization Act of 2008, as amended by the American Recovery and Reinvestment Act of 2009, and, therefore, the trial court should have set the sale aside. 735 ILCS 5/15-1508(d-5) (West 2012). Defendants also allege the subject real estate was sold in material violation of HAMP, and plaintiff should have been required to comply with the HAMP requirements. 735 ILCS 5/15-1508(d-5) (West 2012).

¶ 4 Plaintiff maintains this appeal is the first time in this case defendants have sought relief under section 15-1508(d-5) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1508(d-5) (West 2012)), and, therefore, they did not properly preserve the issue for appeal. Alternatively, plaintiff alleges defendants did not satisfy the requirements of section 15-1508(d-5) because they failed to bring a timely motion in the trial court and failed to prove the statute's required elements by a preponderance of the evidence. Therefore, plaintiff contends, the trial court did not abuse its discretion when it confirmed the foreclosure sale, and its decision should be affirmed.

¶ 5 Plaintiff and defendants disagree about whether defendants applied for assistance under HAMP prior to the foreclosure sale. The trial court was not informed that

2

defendants had applied for assistance under HAMP prior to confirmation of the foreclosure sale, and should have been made aware of this information before determining whether to confirm the foreclosure sale. We reverse and remand for further proceedings.

¶ 6                                           BACKGROUND

¶ 7     On October 10, 2011, plaintiff filed a complaint to foreclose mortgage under the Illinois Mortgage Foreclosure Law alleging *inter alia* that defendants failed to pay monthly installments for principal, taxes, interest, and insurance pursuant to a mortgage dated March 18, 2005, on defendants' single-family residence and the note secured by that residence. 735 ILCS 5/15-1101 (West 2012). On March 23, 2012, defendants filed their answer to plaintiff's complaint to foreclose mortgage. Plaintiff subsequently filed a motion for summary judgment on May 3, 2012. 735 ILCS 5/2-1005 (West 2012).

¶ 8     On May 24, 2012, the circuit court granted plaintiff's motion for summary judgment and entered a judgment of foreclosure and sale. That same date, plaintiff filed its motion for order approving report of sale and distribution. On August 13, 2012, plaintiff filed a notice indicating a foreclosure sale would take place on August 28, 2012. On October 4, 2012, the court entered an order approving report of sale and distribution, confirming sale and order of possession.

¶ 9     On November 2, 2012, defendants filed their first motion to reconsider and for other relief asking the court to set aside the foreclosure sale, alleging defendants had previously applied for assistance under HAMP and that defendants were waiting for a decision to be made regarding their application. Regarding defendants' application for

3

assistance, plaintiff informed defendants on two separate dates, July 7, 2012, and July 9, 2012, that it would take approximately 30 days for plaintiff to review defendants' application that was filed in May 2012. On August 29, 2012, plaintiff informed defendants that their May 2012 application could no longer be used because the dates in the application were expired, and requested defendants file a new application. This August 29, 2012, request concerning defendants' application was delivered by plaintiff in response to defendant Leonard Adams' request for an update on the status of defendants' application made on August 27, 2012.

¶ 10    The court took defendants' motion to reconsider under advisement after argument on the matter. On November 26, 2012, an order was entered that stated the following:

> "Plaintiff failed to properly and timely respond to Defendants['] request to participate in a foreclosure prevention program ***.  ***  Plaintiff to complete review of Defendants['] request to participate in foreclosure prevention program and properly notify Defendants of its determination."

¶ 11    On January 3, 2013, the court entered an order continuing the case for status conference on February 7, 2013. On February 7, 2013, the court entered an order stating there had been no response to the loan modification and the matter was continued for status on May 16, 2013.

¶ 12    On March 4, 2013, plaintiff filed a copy of a letter of denial with the circuit clerk dated February 25, 2013, which informed defendants their application was denied because of its "loan on behalf of Fannie Mae whom [*sic*] has not given us the contractual authority to modify your loan under this program." The letter directed defendants to

4

contact "Shelly Craig" if defendants had any questions. Alternatively, the letter directed defendants to "contact me at CitiMortgage Inc. Homeownership Support Team." The letter also informed defendants they may qualify for other options.

¶ 13  On May 16, 2013, the circuit court entered an order that reset the matter for confirmation of sale. On May 30, 2013, the court entered an order approving report of sale and distribution and confirming sale and order of possession. Defendants then filed a second motion to reconsider and for other relief on June 27, 2013. Plaintiff filed its response to defendants' motion to reconsider and for other relief on July 17, 2013, and the court denied defendants' second motion to reconsider and for other relief on August 26, 2013. Defendants timely appealed.

¶ 14                                    ANALYSIS

¶ 15  On appeal, defendants allege the trial court erred by confirming the foreclosure sale despite HAMP violations and misapplied Illinois and federal law in denying their motion to reconsider. At issue in this case is defendants' application for assistance under HAMP. Plaintiff and defendants disagree about whether defendants applied for assistance under HAMP, and dispute whether plaintiff and defendants properly followed the guidelines of that program.

¶ 16  With that said, the trial court was not informed of this disposition of the application before confirming the foreclosure sale. The trial court should have been informed of the matter concerning defendants' application for assistance under HAMP before it confirmed the foreclosure sale. It would then have been appropriate for the trial court to determine whether plaintiff satisfied the requirements of HAMP. 735 ILCS

5

5/15-1508(d-5) (West 2012).

¶ 17    A trial court's order confirming a foreclosure sale is reviewed under the Illinois Mortgage Foreclosure Law.  735 ILCS 5/15-1101 (West 2012).  The relevant portions of the Illinois Mortgage Foreclosure Law provide the following:

"The court that entered the judgment shall set aside a sale held pursuant to Section 15-1507, upon motion of the mortgagor at any time prior to the confirmation of the sale, if the mortgagor proves by a preponderance of the evidence that (i) the mortgagor has applied for assistance under the Making Home Affordable Program established by the United States Department of the Treasury pursuant to the Emergency Economic Stabilization Act of 2008, as amended by the American Recovery and Reinvestment Act of 2009, and (ii) the mortgaged real estate was sold in material violation of the program's requirements for proceeding to a judicial sale."  735 ILCS 5/15-1508(d-5) (West 2012).

¶ 18    The provisions of section 15-1508 have been construed as giving circuit courts broad discretion in approving or disapproving judicial sales.  *Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois*, 269 Ill. App. 3d 293, 300, 645 N.E.2d 1038, 1045 (1995).  A court's decision to confirm or reject a judicial sale under the statute will not be disturbed absent an abuse of discretion.  *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178, 890 N.E.2d 934, 937 (2008).

¶ 19    The Illinois Mortgage Foreclosure Law specifically provides that a sale shall be set aside if a mortgagor can prove he or she applied for assistance under HAMP by a preponderance of the evidence.  735 ILCS 5/15-1508(d-5) (West 2012).  By the plain

6

language of the Illinois Mortgage Foreclosure Law, the foreclosure sale in this case should have been set aside if it could be shown defendants applied for assistance under HAMP prior to the foreclosure sale.

¶ 20 In the record, there is no indication the trial court was aware of defendants' application for assistance prior to entering an order for confirmation of sale on October 4, 2012. As defendants point out concerning the order dated November 26, 2012, the trial court acknowledged defendants had applied for assistance under HAMP prior to confirmation of the foreclosure sale and plaintiff failed to properly and timely respond to defendants' request to participate in a foreclosure prevention program. The trial court should have been made aware of this significant information before acting on a decision concerning confirmation of the foreclosure sale. Because the trial court was not informed of this disposition concerning the foreclosure sale, we reverse and remand this case so that the trial court can be presented with all relevant information.

¶ 21 Plaintiff and defendants also raise several other issues on appeal. We will briefly address those issues which should be resolved by the trial court on remand.

¶ 22 Defendants allege the trial court erred in denying their motions to reconsider and for other relief by confirming the foreclosure sale because the subject real estate was sold in material violation of HAMP and the trial court misapplied Illinois and federal law. Defendants contend the sale should be set aside and plaintiff should be required to comply with HAMP's requirements.

¶ 23 Defendants allege plaintiff violated HAMP's guidelines by failing to show it timely responded to defendants' application. As to its order dated November 26, 2012,

7

the trial court indicated that defendants applied for assistance under HAMP. That order stated the following:

> "The court finds the sale was conducted in a commercially reasonable way. However, Plaintiff failed to properly and timely respond to Defendants['] request to participate in a foreclosure prevention program as confirmed by Plaintiff's July 2012 correspondence to Defendants."

Based upon this determination, defendants allege they should have been timely and properly notified of plaintiff's decision regarding their application prior to moving forward with confirmation of the foreclosure sale.

¶ 24 Fannie Mae's guidelines corresponding to the HAMP directives published in the Fannie Mae Single Family 2012 Servicing Guide dated March 14, 2012, provide:

> "The servicer must acknowledge to the borrower, either verbally or in writing, its receipt of a Borrower Response Package within 3 business days of receipt. The acknowledgement must include the following:
>
> - the servicer's evaluation process and response time frame;
>
> - an explanation of the foreclosure process, including that the foreclosure process may continue during the evaluation and that foreclosure referral will not occur if the servicer is reviewing a complete Borrower Response Package or has extended an offer and the borrower's response time for acceptance has not expired;
>
> - for borrowers who submit a complete Borrower Response Package less than 37 days prior to a scheduled foreclosure sale, an explanation of the

8

servicer's plans for evaluating the borrower for a foreclosure prevention alternative and suspending the foreclosure sale, if appropriate; and

• appropriate disclosures required by applicable federal, state, or local law."

¶ 25 The guidelines also require that the servicer review and evaluate an application and then communicate a decision within 5 days after making the decision, but no later than 30 days after receipt of the application. During the evaluation process, the servicer is required to work with the borrower to bring the mortgage loan current, to develop a workout plan, or to create another foreclosure prevention alternative after a mortgage loan is referred to foreclosure.

¶ 26 In this case, defendants filed an application for assistance under HAMP in May 2012. Plaintiff notified defendants pursuant to two letters dated July 7, 2012, and July 9, 2012, indicating it would take plaintiff approximately 30 days to review their application. Plaintiff did not inform defendants until August 29, 2012, that their application could no longer be used and requested defendants to file a new application. The trial court should consider whether the July 7, 2012, July 9, 2012, and August 29, 2012, letters from plaintiff to defendants constitute violations of the HAMP guidelines.

¶ 27 Also, there is no indication in this record that plaintiff attempted to work with defendants to bring the mortgage loan current, develop a workout plan, or create another foreclosure prevention alternative despite defendants' attempts to contact plaintiff and cure the default in payments under the mortgage. Rather, plaintiff took no action on defendants' first application for assistance and required defendants to reapply because

9

their first application allegedly could not be used due to expired dates. After defendants applied for assistance a second time, plaintiff denied their application without any attempt to cure the default as required by the HAMP guidelines, and were vague with regard to whom defendants should contact with questions and what alternative options defendants may qualify for. The trial court should consider whether this action and inaction on the part of plaintiff constitutes material violations of HAMP.

¶ 28 We now turn to plaintiff's arguments which the trial court should consider on remand. Plaintiff contends the trial court properly confirmed the foreclosure sale in its favor under the Illinois Mortgage Foreclosure Law and correctly denied defendants' motions for reconsideration. Plaintiff suggests several reasons for why confirmation of the foreclosure sale was proper.

¶ 29 First, plaintiff alleges defendants waived their right to seek relief on appeal because they did not raise the issue of whether they were entitled to relief under section 15-1508(d-5) in the trial court. *Parks v. Kownacki*, 193 Ill. 2d 164, 180, 737 N.E.2d 287, 296 (2000). Plaintiff asserts this court should affirm the trial court because defendants failed to preserve the issue.

¶ 30 While plaintiff properly indicates that questions not presented in the trial court cannot be argued for the first time on appeal, the record suggests defendants are not seeking relief for the first time on appeal.

¶ 31 Defendants indicate they filed two separate motions to reconsider and for other relief on November 2, 2012, and June 27, 2013. Each of defendants' motions to reconsider states the following: "That it is the Defendants' position that the Plaintiff's acts

10

and omissions in this instance are contrary to the policy supporting the Making Home Affordable Program ***."  Each of the motions to reconsider also requested the trial court to "[f]ind that the Plaintiff's actions constitute a material violation of the Making Home Affordable Program."  This language was taken from section 15-1508(d-5), which permits the trial court to set aside a foreclosure sale when the subject real estate is sold in material violation of HAMP.  Accordingly, plaintiff's assertion that defendants did not seek relief pursuant to section 15-1508(d-5) before bringing this appeal is without merit.

¶ 32    Second, plaintiff alleges defendants are precluded from seeking relief under section 15-1508(d-5) because they failed to file a motion prior to confirmation of the sale. Plaintiff relies on section 15-1508(d-5), which provides: "The court that entered the judgment shall set aside a sale held pursuant to Section 15-1507, upon motion of the mortgagor at any time prior to the confirmation of the sale ***."  735 ILCS 5/15-1508(d-5) (West 2012).  Plaintiff alleges defendants' appeal must be dismissed because defendants did not file a motion requesting relief under section 15-1508(d-5) as required by statute.

¶ 33    As the record reveals, the trial court confirmed the foreclosure sale on October 4, 2012.  In defendants' first motion to reconsider filed on November 2, 2012, defendants indicate they applied for assistance under HAMP prior to confirmation of the sale, specifically receiving two letters from plaintiff dated July 7, 2012, and July 9, 2012, informing defendants it would take plaintiff approximately 30 days to review their application for assistance.  Plaintiff's argument that defendants did not seek relief prior to confirmation of the foreclosure sale is not consistent with the record.

11

¶ 34    Lastly, plaintiff alleges defendants failed to establish they applied for assistance by a preponderance of the evidence as required under section 15-1508(d-5).   Whether defendants can prove by a preponderance of the evidence that they applied for assistance under HAMP is a question for the trial court.

¶ 35    Section 15-1508(d-5) of the Illinois Mortgage Foreclosure Law provides: "The court that entered the judgment shall set aside a sale *** if the mortgagor proves by a preponderance of the evidence that (i) the mortgagor has applied for assistance under the Making Home Affordable Program ***, and (ii) the mortgaged real estate was sold in material violation of the program's requirements for proceeding to a judicial sale."   735 ILCS 5/15-1508(d-5) (West 2012).   A defendant must prove both (1) the application for assistance and (2) material violation.

¶ 36    In the instant case, defendants assert the trial court determined in its November 26, 2012, order that defendants applied for assistance within the meaning of section 15-1508(d-5).   We agree.   The November 26, 2012, order indicates defendants applied for assistance under HAMP.

¶ 37    The trial court's November 26, 2012, order in response to defendants' motion to reconsider and for other relief stated:

> "The court finds the sale was conducted in a commercially reasonable way. However, Plaintiff failed to properly and timely respond to Defendants['] request to participate in a foreclosure prevention program as confirmed by Plaintiff's July 2012 correspondence to Defendants.   Surrender of possession is stayed until further order of this court.  Plaintiff to complete review of Defendants['] request to

12

participate in foreclosure prevention program and properly notify Defendants of its determination."

¶ 38 The language of this order clearly establishes that the trial court found defendants applied for assistance under HAMP. It ordered plaintiff to complete review of defendants' application to participate in a foreclosure prevention program and properly notify defendants of its determination. Accordingly, whether defendants applied for assistance within the meaning of section 15-1508(d-5) has been determined.

¶ 39 The record here shows defendants did submit the requisite documentation necessary to apply for assistance. The trial court, as noted above, made a conclusive finding that defendants applied for assistance. It accordingly ordered plaintiff to complete review of defendants' request to participate in a foreclosure prevention program and notify defendants of its determination.

¶ 40                                    CONCLUSION

¶ 41 Accordingly, we reverse and remand with directions to consider and resolve the issues noted above, including but not limited to the disposition of the HAMP application and a determination whether plaintiff's action and inaction constituted a material violation of HAMP.

¶ 42 For the reasons stated herein, the judgment of the circuit court of St. Clair County is reversed and the matter is remanded with directions.


¶ 43 Reversed and remanded with directions.

2015 IL App (5th) 130470

NO. 5-13-0470

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 11-CH-1035 |
| | ) | |
| LEONARD W. ADAMS and KIMBERLY A. ADAMS, | ) | |
| | ) | Honorable |
| | ) | Stephen P. McGlynn, |
| Defendants-Appellants. | ) | Judge, presiding. |

---

**Opinion Filed:**      July 20, 2015

---

**Justices:**      Honorable Richard P. Goldenhersh, J.

         Honorable Judy L. Cates, P.J., and
         Honorable Melissa A. Chapman, J.,
         Concur

---

**Attorney
for
Appellants**      Anthony R. Garavalia, Flynn Guymon & Garavalia, 300 West Main
Street, Suite 4, Belleville, IL 62220

---

**Attorney
for
Appellee**      Adam D. Grant, Dickinson Wright, 500 Woodward Avenue, Suite 4000,
Detroit, MI 48226

---