RENDERED:  NOVEMBER 6, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0920-MR

ALLYN D. MOORE AND
CHERYL D. MOORE                                                          APPELLANTS


                        APPEAL FROM MCCRACKEN CIRCUIT COURT
v.                      HONORABLE W.A. KITCHEN, JUDGE
                        ACTION NO. 10-CI-01350


CITIMORTGAGE, INC.                                                          APPELLEE


                                OPINION
                                AFFIRMING

                            ** ** ** ** **

BEFORE:  JONES, MAZE, AND L. THOMPSON, JUDGES.

MAZE, JUDGE:  The primary focus of this appeal is the propriety of the circuit

court's summary determination that appellee CitiMortgage, Inc. had standing to

bring the underlying residential mortgage foreclosure action.  After a careful

review of the record, the briefs, and the law, we affirm the judgment of the

McCracken Circuit Court.

Despite the long procedural history in this case, the facts are not complex. On January 14, 2003, appellants Allyn and Cheryl Moore executed a mortgage and promissory note in the principal amount of $310,000.00 in favor of ABN AMRO Mortgage Group, Inc. ("ABN AMRO"). The note was secured by real property located at 79 Barrington Circle, Paducah, Kentucky. In 2007, ABN AMRO merged into CitiMortgage, which thereafter began servicing the loan and obtained physical possession of the note, which is endorsed in blank.

In 2010, Citibank, N.A., filed a complaint against the Moores alleging that they were in default on a 2008 note and junior mortgage.[1] CitiMortgage, which had been named as a defendant, filed an answer asserting its interest in the Barrington Circle property under the 2003 mortgage and note. In 2011, CitiMortgage filed an amended answer and cross-claim seeking a money judgment on the 2003 note and foreclosure of the mortgage due to the Moores' default in payment. After the Moores failed to timely answer the cross-claim, the circuit court in 2012 granted CitiMortgage's motion for default judgment. Upon motion of their new counsel, the circuit court set aside the default judgment and permitted the Moores to answer CitiMortgage's cross-claim. A significant period of discovery culminated in CitiMortgage's filing a motion for summary judgment and

---

[1] Citibank subsequently released its junior mortgage and was dismissed as a party to the litigation.

renewed motions for summary judgment. Ultimately, by order entered April 1, 2019, the circuit court granted CitiMortgage's renewed motion for summary judgment and ordered the property sold. The denial of the Moores' subsequent motion to alter, amend, or vacate that judgment precipitated this appeal.

As they did in the circuit court, the Moores insist in this appeal that genuine issues of material fact as to CitiMortgage's status as the real party in interest preclude the summary disposition of the foreclosure action. The Moores' primary complaint is that CitiMortgage failed to establish that it was the assignee of the note and mortgage on the date it filed the action and, thus, lacked standing under Kentucky Rules of Civil Procedure (CR) 17.01. The Moores also argue that summary judgment was improperly granted due to the existence of genuine issues of fact concerning CitiMortgage's failure to offer them a loan modification. We find no merit in either contention.

The question of standing to enforce a note has been before this Court on several occasions. In *Stevenson v. Bank of America*, 359 S.W.3d 466, 470 (Ky. App. 2011), the Court acknowledged the longstanding rule that a party lawfully in possession of the original note is entitled to enforce such note. Citing Kentucky Revised Statutes (KRS) 355.1-201(2)(u)1's definition of "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[,]" *Stevenson* reiterated that a

party lawfully in possession of the original note is entitled to enforce such note. *Id*. The Moores attempt to distinguish this case from *Stevenson*, arguing that the facts in *Stevenson* were "markedly different" from their case. Despite their contentions that *Stevenson* contained none of the "rampant inconsistences" alleged to preclude summary judgment in this case, we are convinced that *Stevenson* is dispositive of CitiMortgage's status as the entity with standing to enforce the note securing the mortgage on the Moores' residence.

CR 17.01 provides that "[e]very action shall be prosecuted in the name of the real party in interest . . . ." As this Court recognized in *Acuff v. Wells Fargo Bank, N.A.*, 460 S.W.3d 335 (Ky. App. 2014):

> Generally, in foreclosure cases, the real party in interest is the current holder of the note and/or mortgage. KRS 355.1–201(2)(u)(1) defines a "holder" in relevant part, as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]"

*Id*. at 339. The record in this case clearly reflects that upon the 2007 merger of ABN AMRO into CitiMortgage, the latter began servicing the Moores' loan and obtained physical possession of their note, which is endorsed in blank.

As was the case in *Stevenson*, the assignment of the mortgage did not transfer enforcement rights on the note to CitiMortgage and, thus, the date of execution of the blank endorsement is immaterial to the case at bar:

Pursuant to KRS 355.3-201(2), "negotiation" means "a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder. . . . **If an instrument is payable by bearer, it may be negotiated by transfer of possession alone**." Stevenson fails to comprehend that when the note was endorsed in blank it became a bearer instrument and no assignment was necessarily required to transfer the right to collect and enforce the note. **Mere possession of the original note was sufficient**. Because BAC was lawfully in possession of the original note, clearly it was entitled to enforce the obligations secured thereby and was the real party in interest in the litigation below. Any argument to the contrary is wholly without merit.

359 S.W.3d at 470 (emphases added). *See also Croushore v. BAC Home Loans Servicing, L.P.*, 381 S.W.3d 331 (Ky. App. 2012).

Although the Moores attempt to create genuine issues of fact concerning fraud in the application of the blank endorsement and inconsistencies in the affidavits concerning the possession of the note, it is clear that they offer no *evidence* to support their suppositions. Their allegations in that regard appear to be "nothing more than a red herring and an attempt to delay enforcement of a judgment" in CitiMortgage's favor. *See Croushore*, *supra*, at 332. We note that there does appear to be a typographical error in the 2013 affidavit of CitiMortgage employee Tomeiko Payne concerning the use of the words "Citibank, N.A." in place of the word "CitiMortgage." That error, however, does not in any way contradict the intended statement that CitiMortgage holds the note and is the

-5-

servicer for the loan.[2]  Consequently, we conclude that sufficient evidence supported the circuit court's finding that CitiMortgage was the real party in interest and had standing to bring this action.

We next turn to the Moores' assertion that issues of fact concerning CitiMortgage's consideration of their request for a loan modification precluded summary disposition.  Again, we find no error.  CitiMortgage produced evidence that the Moores' loan was a conventional non-GSE loan with the Federal Home Loan Bank of Chicago as its investor and that the servicing guide for that loan prohibited CitiMortgage from offering any type of loan modification except a private supplemental modification.  After considering the Moores' loss mitigation application, CitiMortgage determined that they did not qualify because their housing expense to income ratio was outside the acceptable range set out in the serving guide.  Nevertheless, citing *CitiMortgage, Inc. v. Adams*, 37 N.E.3d 378, 380 (Ill. App. Ct. 2015), the Moores insist the failure to consider a loan application in good faith is a defense and that there exists a genuine issue as to whether CitiMortgage met its duty in this case.  *Adams*, however, merely stands for the proposition that "the trial court should have been informed of the . . . defendants' application for assistance under HAMP [Home Affordable Modification Program]

---

[2] The disputed sentence reads in its entirety:  "Citibank, N.A. has the right to foreclose based upon the following:  CitiMortgage, Inc successor by merger to ABN Amro Mortgage group holds the Note and is the servicer for the loan."

before it confirmed the foreclosure sale" in order for the trial court "to determine whether plaintiff satisfied the requirements of HAMP." *Id*. at 381 (citation omitted). Here, not only was the circuit court well aware of the Moores' contentions regarding CitiMortgage's handling of their request for loan modification, but there is no *evidence* that CitiMortgage failed to consider the request in good faith.

Similar to their complaints regarding CitiMortgage's status as the holder of the note, the Moores misconstrue their duty to establish by affirmative proof that CitiMortgage acted in bad faith. In this regard, the Moores offer only their subjective "frustrating experience" to counter CitiMortgage's evidence that it was precluded from offering them a private supplemental modification. Further, as CitiMortgage notes in its brief, a private supplemental modification is a temporary measure which would not have resulted in a permanent modification even had the Moores qualified. The mere failure to offer a loan modification is not evidence of a failure to consider the application in good faith. Nor does the Moores' general allegation that CitiMortgage was inconsistent in relaying information to them create a genuine issue of material fact.

The bottom line is that nothing in their mortgage required CitiMortgage to offer the Moores a loan modification, and CitiMortgage's obligations under the servicing guide for their loan prohibited it from offering any

type of loan modification except a private supplemental modification—a loan for which they did not qualify. Considering these factors in the light most favorable to the Moores, we find no genuine issue as to CitiMortgage's good faith in considering their request for a loan modification.

Nor does CitiMortgage's entry into a consent decree with the Consumer Financial Protection Bureau concerning foreclosures (and related matters including loan modifications) preclude summary judgment in this case. As CitiMortgage correctly states, the general rule is that even intended third-party beneficiaries of a consent decree lack standing to enforce its terms. Well-established caselaw adheres to this principal:

> In *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992), we held that third parties to a consent decree lack standing to enforce their understanding of its terms. In so holding, we relied on the following language in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975): "[A] well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it *even though they were intended to be benefited by it*." *Id.* at 750, 95 S.Ct. at 1932 (emphasis added).

*Aiken v. City of Memphis*, 37 F.3d 1155, 1167 (6th Cir. 1994).

In sum, we perceive no error in the circuit court's determination that there are no genuine issues of material fact; that the equities favor CitiMortgage; and that CitiMortgage is entitled to judgment against the Moores as a matter of

law.  Accordingly, we affirm the judgment of the McCracken Circuit Court in this case.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Allyn D. Moore, *pro se*
Cheryl D. Moore, *pro se*
Paducah, Kentucky

BRIEF FOR APPELLEE:

Shannon O'Connell Egan
Ft. Mitchell, Kentucky