RENDERED: FEBRUARY 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0493-MR

FRANCES JANE EMBRY AND
BOBBY R. EMBRY                                                        APPELLANTS

v.
APPEAL FROM LARUE CIRCUIT COURT
HONORABLE JOSEPH GUINAN BALLARD, JUDGE
ACTION NO. 18-CI-00104

TOWD POINT MORTGAGE TRUST
2015-6 U.S. BANK NATIONAL
ASSOCIATION, AS INDENTURE
TRUSTEE                                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE: Bobby R. Embry and Frances Jane Embry, his wife, appeal

from the summary judgment and order of sale granted by the LaRue Circuit Court

in a foreclosure action brought by Towd Point Mortgage Trust 2015-6, U.S. Bank

N.A. as Indenture Trustee ("Towd Point"). The Embrys argue that Towd Point

failed to establish its standing as the real party in interest capable of bringing an

action on the note seeking foreclosure on the property. They also challenge the sufficiency of the affidavits provided by Select Portfolio Servicing, Inc., Towd Point's servicing agent for the loan. After our review, we affirm.

On September 7, 2007, Bobby Embry executed a note in the amount of $91,500.00 to Select Mortgage Group Ltd. The note was secured by real property located at 400 Mill Road in Magnolia, Kentucky. Later, the mortgage, executed by both Bobby and Frances Embry, was assigned to Towd Point. On November 1, 2017, with the note in default, the Embrys entered into a loan modification agreement with Towd Point.

On June 25, 2018, Towd Point filed this *in rem* action claiming that the note remained in default. It sought to foreclose its mortgage lien. Towd Point attached a copy of the original note and the various assignments of the mortgage to its complaint.

The Embrys answered and contended that Towd Point had failed to prove "by credible documentation" that it possessed the original note. They also challenged the amount owed, but they failed to provide any basis for their conclusion that the calculations were erroneous.

On December 4, 2018, Towd Point filed a motion for summary judgment. It filed a memorandum in support of the motion and attached several exhibits: (1) a copy of the original note executed by Bobby Embry to Select

Mortgage Group, Ltd., and an allonge; (2) an assignment of the mortgage to Towd Point, dated January 23, 2017; and (3) an affidavit from Towd Point's servicing agent, Select Portfolio Servicing, Inc. ("SPS"), stating that information of the prior servicer had been integrated accurately into the business records of SPS and setting out the amounts of the unpaid balance and accrued interest. Towd Point argued that there were no genuine issues of material fact concerning the Embrys' breach of the note's provisions, the amounts owed, or its right to foreclosure.

In response, the Embrys filed a motion to stay the proceedings while they attempted to negotiate another loan modification agreement. The motion for summary judgment was rescheduled for a hearing on April 1, 2019, and then again on April 15, 2019. The motion was finally heard on June 17, 2019. However, on July 25, 2019, Towd Point withdrew its motion for summary judgment because a loss mitigation plan had been established for the Embrys.

Thereafter, on December 27, 2019, Towd Point filed an amended motion for summary judgment. It explained that the Embrys had breached the terms of the parties' recent loan modification agreement. The matter was scheduled to be heard on February 3, 2020; March 2, 2020; March 16, 2020; and April 20, 2020. On April 14, 2020, Towd Point again withdrew its motion for summary judgment on the basis that it was attempting to negotiate a new payment plan with the Embrys.

On March 5, 2021, Towd Point filed a second amended motion for summary judgment. It filed SPS's affidavit recapitulating the methods by which its calculations were maintained and updating the amounts owed.

On April 5, 2021, the Embrys filed their response to the motion for summary judgment. The Embrys argued that Towd Point had not shown that it was the real party in interest by producing the original note. They also challenged the sufficiency of the affidavits filed with the motion for summary judgment.

Towd Point filed a reply. It explained that the original note had been negotiated by Select Mortgage Group Ltd., to CitiMortgage, Inc., and that CitiMortgage, Inc., had thereafter endorsed the note in blank. Counsel represented that Towd Point was in possession of the original note -- now bearer paper -- and that it would be available for inspection by the court and the Embrys' counsel. Following a hearing, the LaRue Circuit Court concluded that Towd Point was entitled to judgment as a matter of law. Summary judgment and an order of sale were entered April 7, 2021. This appeal followed.

On appeal, the Embrys argue that the circuit court erred by granting summary judgment because Towd Point failed to show that it is the real party in interest. They argue that Towd Point was required to produce the original note to establish its standing to pursue the litigation. They also contend that the affidavit of SPS was inadequate to support the judgment because it refers to payment

information that was merely "integrated" into the business records of SPS. They argue that the affidavit: failed to claim that Towd Point possesses the note; failed to verify the servicing agent's calculations; and failed to itemize the advances that Towd Point claimed had been made to the Embrys.

> Summary judgment is properly granted where
>
> the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

CR[1] 56.03.

On appellate review, we must consider whether the circuit court correctly determined that Towd Point was the real party in interest and that there were no genuine issues of material fact concerning its right to foreclose the mortgage lien. *See Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992). Instead, we review the trial court's interpretations of law *de novo*. *Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

---

[1] Kentucky Rules of Civil Procedure.

The Embrys contend that the circuit court erred by concluding that Towd Point was the real party in interest entitled to foreclose on the mortgage. We disagree.

Kentucky's rules of civil procedure provide that an action must be prosecuted in the name of the real party in interest. CR 17.01. In foreclosure actions, the real party in interest is the **current holder** of the note and mortgage. *Acuff v. Wells Fargo Bank, NA*, 460 S.W.3d 335 (Ky. App. 2014). KRS[2] 355.1-201(2)(u)1. defines a "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" When a note is endorsed in blank, it becomes a bearer instrument. *See Caruth v. Thompson*, 55 Ky. 572, 575, 16 B. Mon. 572 (1856) (a blank endorsement enables the holder of a note to negotiate, collect, or transfer it to another by mere delivery). If a negotiable instrument is payable to bearer, it may be negotiated by transfer of possession of the instrument alone. KRS 355.3-201. Lawful possession of the note is sufficient to entitle the holder to enforce the obligation secured by it. *Stevenson v. Bank of America*, 359 S.W.3d 466 (Ky. App. 2011).

The record reflects that CitiMortgage endorsed the original note in blank, converting it to bearer paper. Towd Point asserts that it is the holder of the

---

[2] Kentucky Revised Statutes.

note and in lawful possession of it. It attached copies of all relevant documents to its complaint and to its several motions for summary judgment. Counsel offered to produce the original note. The Embrys never challenged the authenticity of the documents produced by Towd Point; they never alleged that the note or mortgage had been acquired unlawfully; and they never asked to inspect the original note. Under these circumstances, we cannot conclude that Towd Point failed to establish adequately that it was lawfully in possession of the note when it brought the foreclosure action. Moreover, the assignment of the mortgage to Towd Point was additional proof that it was the holder of the note. Consequently, there was sufficient evidence to support the circuit court's conclusion that Towd Point was the real party in interest with standing to bring the foreclosure action.

Next, the Embrys challenge the sufficiency of the affidavits submitted by Select Portfolio Servicing, Inc., Towd Point's servicing agent for the loan. Summary judgment may be granted on the basis of affidavits alone. *Critser v. Critser*, 591 S.W.3d 846 (Ky. App. 2019). "If 'uncontroverted affidavits fairly disclosing the facts show that a genuine issue does not exist,' the opposing party must produce at least some evidence that amounts to more than mere allegations in order to survive summary judgment." *Id.* at 850 (quoting *Hill v. Fiscal Court of Warren County*, 429 S.W.2d 419, 423 (Ky. 1968)). A party opposing a properly supported motion for summary judgment must present some "affirmative evidence

demonstrating that there is a genuine issue of material fact[.]" *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky. 1992) (citing *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991)).

In its affidavits, SPS included statements attesting to the accuracy of its records and an accounting of the amounts due. The attachments to the affidavits included: copies of hundreds of pages of loan history; advance calculations; loan status reports; foreclosure reports; a bailee agreement from Select Mortgage Group, Ltd., to CitiMortgage delivering the original note; an endorsement of the note by CitiMortgage in blank; and a bailee agreement from SPS to counsel conveying the original assignment.

Despite a period of written discovery, the Embrys made no showing that the sworn statements of SPS were untrue or inaccurate. In the absence of countervailing proof or any reason whatsoever to believe that SPS's records, statements, or calculations were untrustworthy, the submitted affidavits were sufficient evidence to support the motion for summary judgment.

Because there were no genuine issues of material fact, the circuit court properly granted summary judgment and ordered a sale of the real property. Accordingly, we affirm the judgment and order of the LaRue Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANTS:      BRIEF FOR APPELLEE:

Robert Frederick Smith      Sarah S. Mattingly
Prospect, Kentucky      K. Cassandra Carter
      Louisville, Kentucky