Mabel E. COPLEY (Now Second National Bank of Ashland, Kentucky, Adm'r De Bonus), Appellant,

v.

Wilhelmina Kahne CRAFT, Appellee.

Court of Appeals of Kentucky.

May 2, 1958.

Bunyan S. Wilson, Jr., E. Poe Harris, Ashland, for appellant.

John L. Smith, Catlettsburg, P. H. Vincent, Ashland, for appellee.

WADDILL, Commissioner.

The issue on this appeal is whether there is evidence of probative value to support the verdict and judgment setting aside the will of Catherine Jiles dated September 26, 1955, on the ground that the will was obtained as the result of undue influence exerted by Mabel E. Copley, the sole beneficiary of the will.

Mrs. Jiles died on May 7, 1956, at the age of seventy-eight. The will in question and a will executed by the decedent on February 26, 1941, were offered for probate. The county court probated the will of September 26, 1955.

The first will of Mrs. Jiles gave a life estate to her then living husband and the remainder to Wilhelmina Kahne Craft, a niece and the appellee herein. Appellee was reared by Mrs. Jiles and lived in the Jiles home until she married.

Later, and after the death of Mrs. Jiles' husband, Mrs. Jiles agreed to make her home with appellee upon the condition that

appellee construct another bedroom with bath. Mrs. Jiles advanced $3,000 for this purpose. However, for personal reasons, Mrs. Jiles did not move to appellee's home and appellee did not offer to repay the advancement. Apparently, the close intimacy that existed between them cooled, for appellee admitted that she had not visited Mrs. Jiles during the last year of her life except for a few days before her death.

Approximately four months before Mrs. Jiles made her last will, she executed a deed to her house and lot to Floyd Roberts in consideration of Roberts furnishing her with a home for her lifetime. Roberts failed to perform his obligations under the deed and Mrs. Jiles desired to have the conveyance set aside. In seeking an attorney Mrs. Jiles contacted her friend, appellant's mother, explained her predicament, and asked for her advice. Through the assistance of appellant and her mother, Mrs. Jiles employed counsel and ultimately the conveyance was declared void for failure of consideration. Roberts v. Jiles' Ex'x, Ky., 307 S.W.2d 171. Meanwhile, appellant and her mother furnished Mrs. Jiles companionship and attended to her daily needs until shortly before her death.

Appellee places much significance upon a request made by Mrs. Jiles during her last illness that a certain lock box be brought to her. This lock box contained her last will, $10,000 in cash, $5,000 of building and loan certificates and certain personal papers, all belonging to Mrs. Jiles. The lock box had been deposited in the vault of a local bank in the joint names of Mrs. Jiles and appellant. It appears that Mrs. Jiles' purpose was to have appellant assist in the management of her business affairs. When appellant was told of Mrs. Jiles' wishes, she refused to comply unless Mrs. Jiles' attorney would accompany her to the bank. Subsequently, Mrs. Jiles had a serious stroke and the plans which had been made with the attorney to obtain the lock box were cancelled. The lock box was opened following Mrs. Jiles' death and the will, money and all documents belonging to Mrs. Jiles were intact. It is argued that these facts are relevant in establishing undue influence.

The dispositive clause of the last will of Mrs. Jiles reasonably explains Mrs. Jiles' cause for disinheriting appellee. The clause is:

"I am mindful of my relatives especially Wilhelmina Craft, * * * but as I am desirous in favoring the person who has been helpful to me and of great assistance to me during my most trying time, I hereby will, devise and bequeath my entire estate * * * to my good friend and person who has been most helpful to me Mrs. Mabel E. Copley."

Undue influence which will justify setting aside a will is such influence as *obtains dominion over the mind of the* testator to such an extent as to destroy his free agency in the disposal of his estate, *and constrains him to do that which* he would not have done if left to the free exercise of his own judgment. Undue influence *must be shown to have been* exercised at the time the will was executed. It is not sufficient that it be shown that there *was merely an opportunity to exercise un*due influence, but some evidence must be adduced showing circumstances from which it can reasonably be inferred that undue influence was exerted. Influence over the testator obtained by acts of kindness or by appeals *to the feelings or understanding* and not destroying free agency does not amount to undue influence. Madden v. Cornett, *290 Ky. 268, 160 S.W.2d 607;* Palmer v. Richardson, 311 Ky. 190, 223 S.W.2d 745.

There is no evidence in this case that even remotely tends to show that undue influence was exerted upon Mrs. Jiles. Therefore, the circuit court erred in submitting this issue to the jury and in failing to sustain appellant's motion for a directed verdict.

Since the appellant did not make a motion for a judgment notwithstanding the verdict, this Court must remand the cause for a new trial with directions that a verdict be directed for Mabel E. Copley if the evidence is substantially the same. Golladay v. Golladay, Ky., 287 S.W.2d 904.

For the reasons indicated the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.