Mabel E. COPLEY, Appellant,

v.

Wilhelmina Kahne CRAFT, Appellee.

Court of Appeals of Kentucky.

Dec. 9, 1960.

Bunyan S. Wilson, Jr., J. G. M. Robinson, Ashland, for appellant.

John L. Smith, Catlettsburg, P. H. Vincent, Ashland, for appellee.

STANLEY, Commissioner.

The late Mrs. Catherine Jiles devised her entire estate to her friend, Mrs. Mabel E. Copley. The testatrix' niece, Mrs. Wilhelmina K. Craft, contested the will on the ground that the beneficiary had unduly influenced its execution. A jury found against the will. We reversed the judgment on the ground that there was no evidence to sustain the verdict and remanded the case for a new trial with an instruction that a verdict for the contestee be directed if the evidence should be substantially the same on a retrial. Copley v. Craft, Ky., 312 S.W.2d 899.

By an amended complaint the ground of mental incapacity was added. At the close of the introduction of evidence the contestee's motion for a directed verdict was overruled, and the case went to the jury under instructions submitting both the grounds of undue influence and mental incapacity. The verdict recited that the jury found that the testatrix "was unduly influenced and said will is not the will of said Catherine Jiles." A motion for a judgment in behalf of the defendant notwithstanding the verdict was overruled and judgment was entered in accordance with the verdict. The appeal follows.

It is agreed that the issue of mental incapacity is out of the case. The facts are fully related in the first opinion.

The appellant insists the evidence on the issue of undue influence was the same on the second trial or was of even less probative value. She invokes the law of the case rule. Her brief states the more material evidence on both trials in juxtaposition. This is in accord with Rule 1.210(b).

The appellee does not challenge the statements in the brief with respect to the similarity of the evidence. She recites some evidence tending to sustain the verdict. Subsection (c) of Rule 1.210 provides that the appellee's brief shall present the controversy in the same manner as that of the appellant, "except that it shall not restate the facts or the issues further than necessary to correct errors, inaccuracies, or omissions in appellant's presentation of the controversy." We have an able brief for the appellee on the points of law and no question of the appellant's statement of the facts or that the evidence on the two trials was substantially the same.

The rules covering briefs are designed to aid the court in reaching a prompt and proper decision of the appeal. The particular rule with respect to stating the facts shown in the record and the controversy in regard thereto relieves the court of the duty of dredging out facts about which there is no controversy. Hence, as the appellant's statement of the facts is not contested, it will be presumed and accepted as correct. 5 C.J.S. Appeal and Error §§ 1343, 1344. This obviates a search and critical comparison of the two transcripts of evidence. We accept the appellant's statement that the evidence on the second trial was substantially the same as on the first trial.

The appellee recognizes the law of the case rule, which is, in short, that when an appellate court passes on a question and remands the case for further proceedings consistent with the opinion or for a directed verdict conditioned upon the evidence being the same upon another trial, the question of law settled by the opinion is final and precludes the reconsideration of the alleged error. Big Sandy Realty Co. v. Stansifer Motor Co., Ky., 294 S.W.2d 529. In Union Light, Heat and Power Co. v. Blackwell's Adm'r., Ky., 291 S.W.2d 539, we held for justifiable reasons and upon authority that the rule is not to be regarded as inflexible, so that in exceptional cases where the court is convinced that a former decision was erroneous, it will not be regarded as conclusive. The present appeal does not present such a case.

The appellee contends that the former opinion failed to take note of certain facts established by the record and to appraise

their probative value. Among them are the uncontradicted facts of the testatrix' age and physical infirmity; the will is unnatural and gives her estate to a stranger in the blood; its possession by the beneficiary, who had the sole right of entry to the testatrix' safety deposit box; and some other items of evidence. All of these and other related facts and circumstances pointed out in the brief, it is said, were considered by the jury but not by this court.

The opinion of a court is a broad statement of reasons for its decision. Failure to refer to any and all the evidence in the record is no indication that the facts were not fully considered. A minute recitation of every item of evidence would often— as in the present case—extend the opinion beyond reasonable bounds. We may observe that no petition for rehearing was filed by the appellee, which could have timely pointed out the claimed omissions. But the circumstances alluded to by the appellee were not overlooked by the court. The entire picture, with its background, lights and shadows and the three principal characters therein, was fully considered in reaching the decision that as a matter of law the evidence did not prove the will was obtained by undue influence.

The appellee earnestly argues that since two juries have decided that Mrs. Jiles' will was obtained by undue influence, it is a usurpation of the right of trial by jury for this court to make a different finding of fact. Several opinions of this and of the federal courts are cited to the effect that this is the prerogative of juries, and an appellate court may not justifiably exercise that prerogative. In Howard v. Ramsey, 297 Ky. 274, 178 S.W.2d 934, 935, we observed that many years ago the Court of Appeals was authorized to try "both law and fact" in a will contest, but by a change in the statutes a verdict in such a case is regarded as a verdict in any other class of cases. The appellee further submits that whether the case should be submitted to the jury or a new trial should be granted or refused are questions to be determined in the discretion of the trial court.

The Constitution, § 110, creates and confers "appellate jurisdiction" upon this court; and KRS 21.055 expressly authorizes a reversal of a judgment for errors appearing in the record. Within limits prescribed by the statutes, appellate jurisdiction is the power and authority to review, revise, correct or affirm the decisions of an inferior court, and, more particularly, to exercise the same judicial power which has been executed in the court of original jurisdiction. In re Constitutionality of House Bill No. 222, 262 Ky. 437, 90 S.W.2d 692, 103 A.L.R. 1085; 2 Am.Jur., Appeal and Error, § 9; 21 C.J.S. Courts § 17.

This court, with due appreciation of its responsibility and a conscientious performance of its duty, decided that as a matter of law the evidence presented in the trial court to establish undue influence, as definitely defined in will contest cases, was not sufficient to establish the allegation. The decision did not and this one does not usurp the power of the jury to determine the facts upon conflicting evidence which may have sustained or have refuted the charge of undue influence. The judicial discretion lodged in the appellate court is superior to the discretion lodged in the trial court. Therefore, our decision on the former appeal and our decision on the present appeal cannot be regarded as usurping the right of trial by jury or the discretionary power of the circuit court.

It appears that a full opportunity to develop the case for the contestant has been exercised. As the contestee moved for a judgment notwithstanding the verdict, we reverse the judgment with directions to enter a judgment for the contestee. Clay, CR 50.02, Comment 5.

Judgment reversed.