RENDERED:  NOVEMBER 5, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-1831-MR

GLENN D. AUGENSTEIN                         APPELLANT


                 APPEAL FROM HENRY CIRCUIT COURT
v.         HONORABLE R. LESLIE KNIGHT, SPECIAL JUDGE
                   ACTION NO. 12-CI-00203


DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF
SOUNDVIEW HOME LOAN TRUST 2005-OPT4,
ASSET-BACKED CERTIFICATES, SERIES 2005-OPT4
c/o AMERICAN HOME MORTGAGE SERVICING, INC.,
1525 SOUTH BELTLINE RD COPPELL, TX 75019       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE:  Appellant, Glenn D. Augenstein, *pro se*, appeals the Henry

Circuit Court's summary judgment and order of sale in favor of Appellee,

Deutsche Bank,[1] as well as other orders relating to the underlying action. For the following reasons, we affirm.

BACKGROUND

This is a foreclosure case. On September 9, 2005, Augenstein obtained a loan for $160,500.00 and executed a promissory note in favor of Option One Mortgage Corporation to purchase real property located at 932 Wooded Hills Road, Pendleton, Kentucky 40055. Option One Mortgage Corporation endorsed the promissory note in blank on the allonge attached to the instrument. Then, in January 2008, Option One Mortgage Corporation assigned its interest in the mortgage to Deutsche Bank.

In 2012, after Augenstein failed to make the mortgage payments, Deutsche Bank filed a foreclosure action.[2] Augenstein answered the complaint and also filed counterclaims against Deutsche Bank. The trial court dismissed

---

[1] Appellee is fully identified as Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005-OPT4 c/o American Home Mortgage Servicing, Inc., 1525 South Beltline Rd Coppell, TX 75019 (hereinafter "Deutsche Bank").

[2] Deutsche Bank previously filed a foreclosure action against Augenstein in December 2007 and the Henry Circuit Court granted judgment in its favor in June 2008. That order was vacated by this Court in 2011 after Deutsche Bank failed to file an appellate brief and we concluded that Deutsche Bank did not have standing to commence the foreclosure action in December 2007 because Option One Mortgage Corporation did not assign its interest in the mortgage until January 2008, which was after Deutsche Bank filed its complaint. *See Augenstein v. Deutsche Bank Nat'l Trust Co.*, No. 2009-CA-000058-MR, 2011 WL 556057 (Ky. App. Feb. 18, 2011, *petition for reh'g denied* Jul. 29, 2011).

Augenstein's counterclaims by summary judgment orders entered on June 29, 2015 and February 9, 2018, respectively.

On May 14, 2018, Deutsche Bank filed a motion for summary judgment seeking a personal judgment against Augenstein and a sale of the real estate which secured the mortgage. Attached to Deutsche Bank's motion was the affidavit of Yvonne S. Belcher, a representative who attested to the amount and status of Augenstein's mortgage based upon a review of the business records kept in the regular course of business related to the mortgage loan.

On August 15, 2018, the trial court granted summary judgment to Deutsche Bank. The trial court found that Augenstein had not made a payment on his mortgage since 2007 and, as of April 30, 2018, the total amount Augenstein owed on the note and mortgage debt with related late fees, escrows for taxes, insurance, and property preservation costs was $376,216.60. The trial court concluded that Augenstein was in default of his promissory note and mortgage by the written terms of those documents for failing to make his monthly payments and ordered the Master Commissioner to sell the real estate at issue to satisfy the judgment.

Subsequently, Augenstein filed a CR[3] 59.05 motion to vacate, which the trial court verbally denied during an October 29, 2018, hearing.[4]  On November 28, 2018, Augenstein filed this appeal.[5]  Additional facts will be developed as necessary.

## ANALYSIS

**I.**         **The trial court did not err in granting summary judgment.**

Appellate review of a motion for summary judgment only involves questions of law and "a determination of whether a disputed material issue of fact exists." *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901, 905 (Ky. 2013).  Therefore, our review of the summary judgment order is *de novo* with no need to defer to the trial court's decision.  *Id.*

Augenstein argues the trial court erred in granting summary judgment and Deutsche Bank did not have a right to enforce the mortgage and promissory note because those documents were not authenticated.  Specifically, Augenstein claims no witness attested that the documents were what they were purported to be

---

[3] Kentucky Rules of Civil Procedure.

[4] The trial court entered a *nunc pro tunc* order denying Augenstein's CR 59.05 motion on January 11, 2019.

[5] Augenstein also filed a motion for intermediate relief and a petition for writ of prohibition, which the Court denied on December 13, 2018 and February 7, 2019, respectively.  *See Augenstein v. Honorable R. Leslie Knight, et al.*, No. 2018-CA-001802-OA.

and, citing *Acuff v. Wells Fargo Bank, N.A.*, 460 S.W.3d 335 (Ky. App. 2014), argues that physical possession of the instruments is essential to enforcement.

"Generally, in foreclosure cases, the real party in interest is the current holder of the note and/or mortgage." *Acuff*, 460 S.W.3d at 339. A holder of a note is entitled to enforce the obligations secured thereby. *Stevenson v. Bank of America*, 359 S.W.3d 466, 470 (Ky. App. 2011). A "holder" is defined as someone "in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" KRS[6] 355.1-201(2)(u)1. "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." KRS 355.3-205(2); *see also* KRS 355.3-201(1). Accordingly, if a party is in possession of the original note, it is entitled to enforce the obligations secured by it and is the real party in interest. *Stevenson*, 359 S.W.3d at 470.

Based on our review of the record, Deutsche Bank proved that it was the holder of the original note endorsed in blank. Deutsche Bank produced the original note in open court for Augenstein's review and inspection. Also, the mortgage document was filed with the Henry County Clerk's office and Augenstein's signature on the document had never been disputed. Moreover,

---

[6] Kentucky Revised Statutes.

Augenstein did not file an affidavit or cite other evidence to dispute the validity or authenticity of the documents.

A party is entitled to summary judgment if it appears from the pleadings and all relevant discovery that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. CR 56; *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). A party opposing summary judgment cannot merely rest on allegations in his pleadings. *Continental Casualty Co. v. Belknap Hardware and Manufacturing Co.*, 281 S.W.2d 914 (Ky. 1955). Instead, a party seeking to defeat summary judgment should present affirmative evidence, by affidavit or otherwise, that demonstrates a genuine issue of material fact exists requiring trial. *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky. 1992). We conclude that the trial court did not err in granting summary judgment to Deutsche Bank because a genuine issue of material fact did not exist as to Deutsche Bank's right to enforce the note and maintain this action as the real party in interest.

## II.     The trustworthiness of Deutsche Bank's records

Augenstein argues that the trial court erred in admitting Deutsche Bank's records and Ms. Belcher's affidavit regarding the default of his mortgage because they lacked trustworthiness. On appellate review, "the decision whether to admit evidence is vested in the sound discretion of the trial court and will not be

reversed absent a showing of an abuse of discretion." *Welsh v. Galen of Virginia, Inc.*, 128 S.W.3d 41, 51 (Ky. App. 2001) (citation omitted).

KRE[7] 803(6) explains that records of regularly conducted activity "if kept in the course of a regularly conducted business activity" and the testimony of the records custodian "or other qualified witness" concerning those records are not excluded by the hearsay rule "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Here, Augenstein offered no evidence that Ms. Belcher's affidavit or the documents themselves lack trustworthiness. We conclude the trial court did not abuse its discretion in admitting this evidence.

**III.**       **Augenstein had an adequate opportunity to respond to Deutsche Bank's summary judgment motion.**

Next, Augenstein claims the trial court erred by denying him an opportunity to respond to Deutsche Bank's summary judgment motion in a properly noticed hearing. He claims this denial violated his right to due process.

Deutsche Bank filed its summary judgment motion on May 14, 2018. That motion was originally noticed for May 21, 2018, but later re-noticed for May 25, 2018, due to a mistake regarding the special judge's hearing schedule. When

---

[7] Kentucky Rules of Evidence.

Augenstein complained about the two different notices and the timing of the hearing date, the trial court continued the hearing to June 14, 2018.

Then, at the June 14, 2018, hearing, Augenstein complained that the trial court should not hear Deutsche Bank's motion because he only received some attachments to the motion five days previously and he needed more time to respond. Thereafter, on July 2, 2018, Augenstein filed his response to Deutsche Bank's summary judgment motion. He also filed a motion to set a hearing, which he noticed for July 9, 2018. On July 9, the trial court granted Augenstein's motion and provided him an opportunity to argue his case. Augenstein claimed he was not ready, that he was being ambushed, and asked the court to schedule the hearing for another date. The court did not schedule a further hearing and deemed the motion for summary judgment submitted.

Pursuant to CR 56.03, a party is required to serve a motion for summary judgment ten days before the time fixed for the hearing. Based on the record, even though Deutsche Bank's motion was originally noticed for a hearing within ten days, it was re-noticed for a time outside the ten-day window. Thus, Deutsche Bank's re-noticed motion complied with CR 56.03.

Moreover, when Augenstein objected to the timing of Deutsche Bank's motion, the trial court rescheduled the hearing for June 14, 2018. This

gave Augenstein additional time to respond to Deutsche Bank's motion for summary judgment.

In addition, the trial court provided Augenstein an adequate opportunity to be heard. The trial court accepted and considered his untimely written response to Deutsche Bank's summary judgment motion before making its decision:

> [Augenstein] failed to file a timely response to [Deutsche Bank's] Motion for Summary Judgment despite the Court having continued [Deutsche Bank's] Motion on its Summary Judgment to June 14, 2018. After this Court's hearing on that date at which time the Court took all matters under submission, on July 2, 2018, [Augenstein] filed a response to [Deutsche Bank's] Motion. [Deutsche Bank] then filed a Motion to Strike [Augenstein's] Response. However, despite his late filing, and the pending Motion of [Deutsche] to strike same, the Court has reviewed and considered said [Augenstein's] Response and the arguments made therein in ruling on [Deutsche Bank's] Motion.

Thus, the trial court considered Augenstein's written response to Deutsche Bank's motion. Also, the court provided Augenstein an opportunity to argue his position at both the June 14, 2018 and July 9, 2018, hearings.

A trial court has broad discretion in controlling its docket and considering requests for extensions of time. *Smith v. Commonwealth*, 481 S.W.3d 510, 514 (Ky. App. 2016). Only if the court abused its discretion by issuing a decision that was "arbitrary, unreasonable, unfair, or unsupported by sound legal

principles[,]" will the Court set aside a trial court's decision on a request for extension of time. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Having reviewed the record and the law, we cannot conclude that the trial court's denial of Augenstein's request for another hearing was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Augenstein was afforded adequate opportunities to be heard and the trial court considered his written response to Deutsche Bank's summary judgment motion. Thus, we conclude that Augenstein's due process rights were not violated.

**IV.**          **The trial court did not err in denying Augenstein's motion to compel the clerk to issue a CR 77.02(2) notice.**

Augenstein argues that the trial court erred by not issuing a CR 77.02 notice to dismiss for lack of prosecution. He claims that CR 77.02 is a mandatory rule and the trial court's refusal to comply illustrates its bad faith toward him. Augenstein requests all the trial court's actions after its refusal to issue a CR 77.02 notice be voided and for the Court to remand this action back with instructions for the trial court to dismiss the case without prejudice.

CR 77.02 is known as the "housekeeping rule." *Manning v. Wilkinson*, 264 S.W.3d 620, 622 (Ky. App. 2007). The courts use this rule to remove stale cases from the court's docket when they are not being actively prosecuted. *Id.* Pursuant to CR 77.02, the trial court is required to review the cases on its docket each year and dismiss those cases in which no pretrial steps

-10-

have been taken within the last year unless good cause is shown. If the parties provide no answer or an insufficient answer to such notice, the court "shall enter an order dismissing without prejudice[.]" CR 77.02(2).

Here, instead of filing a motion to dismiss pursuant to CR 41.02,[8] Augenstein moved the court to issue a CR 77.02 notice to dismiss. On review, we ask whether the trial court acted within its discretion in denying Augenstein's motion for a CR 77.02 notice to dismiss the case for lack of prosecution. *Manning*, 264 S.W.3d at 622.

Based on the record, Deutsche Bank informed the court that pretrial steps were being taken in the form of investigation and discovery. The trial court held the case was progressing as evidenced by Deutsche Bank's recently filed summary judgment motion and denied Augenstein's motion. We conclude that the trial court did not abuse its discretion in denying Augenstein's motion as Deutsche Bank showed good cause for keeping the case on the court's docket.[9]

---

[8] CR 41.02 provides that a defendant may move to dismiss an action or claim against him for plaintiff's failure to prosecute.

[9] With his appellate brief, Augenstein submitted a CR 77.02 notice from an unrelated case and a statistical report purportedly reflecting the frequency of CR 77.02 notices issued in courts across the Commonwealth. We note that the decision whether to issue a CR 77.02 notice is case specific and, thus, the Court fails to see the relevance of these documents to this case.

**V.**        **Augenstein's access to the court record**

Augenstein argues that the trial court refused to comply with CR 79.05(1), which states that the original record shall not be removed from the clerk's office unless by a court order. In response to this argument, Deutsche Bank claims: (1) Augenstein had access to the record in the clerk's office; (2) as a party, Augenstein received copies of all motions and orders, so he possessed copies of the pleadings; and (3) Augenstein's motion for the trial court to comply with CR 79.05(1) was simply a tactic to delay the case.

According to the record, the trial court denied Augenstein's "motion for order directing Henry Circuit Clerk to retain original case file" after a hearing on June 14, 2018. The trial court noted that it did not know what Augenstein was requesting or what relief he was seeking by his motion.

While Augenstein complains that he was denied access to the record and this infringed on his right to fair and impartial proceedings, he does not state when, or even if, the record was removed from the clerk's office. Also, Augenstein fails to explain when, where, or how he was denied access to the record. We cannot conclude that the trial court erred in denying Augenstein's motion for an order directing the clerk to retain the original case file.

**VI.**     **The trial court did not err in denying Augenstein's motion to compel.**

Augenstein argues that the trial court erred by denying his motion to compel discovery. We review a trial court's decision related to discovery issues under an abuse of discretion standard. *Hilton v. Commonwealth*, 539 S.W.3d 1, 9 (Ky. 2018) (citations omitted).

Pursuant to CR 26.02(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Augenstein contends that his discovery requests "related directly to the subject matter of the litigation," but he fails to identify any specific interrogatory or request that was not answered. In a footnote in his brief, he claims that he sought "the note, allonge, mortgage, assignments of mortgage, chain of title, custody of the note, (and) servicing." However, he does not state that these documents were not produced. Indeed, in his brief, Augenstein admits that the note and mortgage were produced for his inspection at Deutsche Bank's counsel's office. Augenstein also claims the trial court erred in failing to make Deutsche Bank meet its burden of proof regarding claims of privilege. Again, however, he does not identify what information or documents he was seeking that Deutsche Bank allegedly claimed were privileged.

"It is not our function as an appellate court to research and construct a party's legal arguments[.]" *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759

-13-

(Ky. App. 2005). The Court will not search the record for errors to construct Augenstein's argument for him. *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979). Without more, we cannot conclude that the trial court abused its discretion in denying Augenstein's motion to compel.

**VII.     Augenstein's claim of error regarding due process**

Augenstein summarily claims his rights were violated, citing the United States and Kentucky Constitutions. However, he does not set forth any argument for this claim. As stated previously, "[i]t is not our function as an appellate court to research and construct a party's legal arguments[.]" *Hadley*, 186 S.W.3d at 759. Thus, we cannot conclude that Augenstein's rights were violated.

**VIII.    Augenstein's claim of error regarding disqualification of the circuit court judges**

Augenstein claims the Chief Justice of the Kentucky Supreme Court erred by refusing to disqualify Judge S. Marie Hellard and Judge R. Leslie Knight. In his briefs, he vaguely claims that Judge Hellard and Judge Knight did not "comply with laws stated in mandatory language" and, thus, their impartiality was questionable.

On October 5, 2017 and September 27, 2018, the Chief Justice issued orders denying Augenstein's requests to disqualify Judge Hellard and Judge Knight, respectively, stating that Augenstein "failed to demonstrate any disqualifying circumstance that would require the appointment of a special judge"

-14-

under KRS 26A.020.[10] Augenstein argues the Chief Justice's orders were "devoid of findings and conclusions" compared to an order of disqualification in a completely unrelated case he attaches to his brief and that this illustrates how he is being treated unfairly.[11]

A party or counsel may seek to disqualify or recuse a judge from proceeding further in a matter either by filing a motion with the judge pursuant to KRS 26A.015, by filing an affidavit pursuant to KRS 26A.020, or by filing both. *Nichols v. Commonwealth*, 839 S.W.2d 263, 265 (Ky. 1992). Here, Augenstein filed affidavits pursuant to KRS 26A.020. The Chief Justice denied his requests finding the affidavits did not demonstrate any disqualifying circumstances. Augenstein did **not** file a motion to recuse either Judge Hellard or Judge Knight. Logically, without a motion to rule on, the trial court took no action for this Court to review for alleged error. *See Kenney v. Hanger Prosthetics & Orthotics, Inc.*, 269 S.W.3d 866, 876 (Ky. App. 2007) (citing *Kaplan v. Chase*, 690 S.W.2d 761, 763 (Ky. App. 1985) ("function of the Court of Appeals is to review possible

---

[10] Under KRS 26A.020, a party may file with the circuit clerk an affidavit "that the judge will not afford him a fair and impartial trial[.]" This affidavit prompts the Chief Justice to "review the facts and determine whether to designate a regular or retired justice or judge of the Court of Justice as special judge." KRS 26A.020(1).

[11] Notably, in the "Order of Disqualification and Appointment," from *In re: Commonwealth v. Dickerson*, Case No. 19-CI-00425, which Augenstein attaches to his brief, the defendant filed both a motion to recuse pursuant to KRS 26A.015 and an affidavit pursuant to KRS 26A.020. Moreover, the length or depth of a court's order does not prove that a litigant is being treated unfairly.

errors made by the trial court, but if the trial court had no opportunity to rule on the question, there is no alleged error for this court to review.")).

Generally, the Court of Appeals reviews lower court rulings and we are not empowered to disturb the rulings by the Kentucky Supreme Court. *See* Kentucky Supreme Court Rules (SCR) 1.030(8)(a) (Court of Appeals is bound by Kentucky Supreme Court precedent). Presumably, we would also lack the authority to review a decision solely by the Chief Justice as no legal precedent provides that authority. *See Copley v. Craft*, 341 S.W.2d 70, 72 (Ky. 1960) ("Within limits prescribed by the statutes, appellate jurisdiction is the power and authority to review, revise, correct or affirm the decisions of an inferior court[.]"). Thus, this Court has no authority to review Augenstein's alleged claim of error.

IX.     **Augenstein's claim of error regarding his motion for proof of authority**

Augenstein argues that the trial court erred by failing to require Deutsche Bank's counsel to prove that they represent Deutsche Bank. "Attorneys who file lawsuits or appear for parties in litigation have no burden to tender their oaths of office on request or to provide written proof to an opposing party that they actually were hired by their clients." 7 AM. JUR. 2D *Attorneys at Law* § 156 (2021) (citing *Parkway Bank and Trust Co. v. Korzen*, 2 N.E.3d 1052 (Ill. App. Ct. 2013)). Therefore, we see no error.

**X.      Augenstein's claim of error regarding his motion for more definite statement**

Augenstein claims the trial court erred in denying his motion for a more definite statement but fails to articulate an argument to support this claim. Again, "[i]t is not our function as an appellate court to research and construct a party's legal arguments[.]" *Hadley*, 186 S.W.3d at 759. Thus, we see no error.

<u>CONCLUSION</u>

For the foregoing reasons, we affirm the trial court's order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Glenn Augenstein, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE:

Edmund S. Sauer
Brian R. Epling
Nashville, Tennessee