RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0415-ME

CABINET FOR HEALTH AND
FAMILY SERVICES,
COMMONWEALTH OF KENTUCKY                                    APPELLANT

APPEAL FROM JEFFERSON FAMILY COURT
v.              HONORABLE BRYAN D. GATEWOOD, JUDGE
ACTION NO. 22-AD-500334

D.R.; C.D.Y.; AND D.B.R., A MINOR                           APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: EASTON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE: The Cabinet for Health and Family Services,

Commonwealth of Kentucky ("Cabinet") appeals from the Jefferson Circuit

Court's summary judgment order dismissing the Cabinet's petition for involuntary

termination of parental rights. After careful review, we reverse and remand.

D.B.R. ("Child") was born on November 13, 2020, to C.D.Y. ("Mother") and putative father, D.R. ("Father"). Mother died during the pendency of the action.

On November 15, 2022, the Cabinet filed a petition for involuntary termination of parental rights against the Child's parents. The Cabinet alleged Father abandoned Child for not less than 90 days; both parents failed to provide essential parental care and protection for Child; and both parents, for reasons other than poverty alone, failed to provide essential food, clothing, shelter, medical care, or education for Child with no reasonable expectation of significant improvement. The Cabinet alleged Child had been in foster care for fifteen of the most recent forty-eight months prior to filing the petition due to parents' failure to make significant progress to goals in their case plan. The Cabinet alleged Child had been removed from parents more than two times in a 24-month period.

At the close of the discovery period, on January 30, 2024, Father filed a motion for summary judgment. He argued the child had not been adjudged abused or neglected in the underlying DNA[1] case that based allegations of neglect and abuse on domestic violence that occurred before Child was born. That case was dismissed, and there were no other petitions filed against him. Father also

---

[1] Dependency, neglect, or abuse.

argued the Cabinet could not meet the statutory elements required for his parental rights to be terminated.

The Cabinet and guardian *ad litem* ("GAL")[2] opposed the motion. The Cabinet's response was solely based on its misinterpretation of Father's argument. The Cabinet argued that Father's motion was based on an incorrect interpretation of KRS[3] 625.090, and a child being adjudged abused or neglected was not required to grant a TPR.[4] Instead, the child could be found abused or neglected in the current proceeding. The Cabinet made no argument regarding the facts of the case.

On April 1, 2024, the family court entered an order granting summary judgment and dismissing the Cabinet's petition. The family court found "[t]here is no evidence in the record upon which a finding of abuse or neglect would be founded, including no sufficient allegations of such, particularly in light of [Father's] lack of contact with the child." Record ("R.") at 106. This appeal followed.

On appeal, the Cabinet argues the family court erred in granting summary judgment because there was a genuine issue of material fact. It further

---

[2] A GAL "is a person appointed by a court to appear on behalf of . . . a [child] in a lawsuit." *Morgan v. Getter*, 441 S.W.3d 94, 106 (Ky. 2014).

[3] Kentucky Revised Statutes.

[4] Termination of parental rights.

argues the family court misinterpreted KRS 625.090(1)(a) in basing its denial of the TPR petition on the fact that Child had not been adjudged abused or neglected in a prior proceeding. The Cabinet argues the family court can make independent findings of abuse or neglect in this case, and Father's incarceration creates a genuine issue of material fact. The Cabinet further argues in its reply brief that the Cabinet worker on its witness list would have testified regarding Father's progress and cooperation with the Cabinet.

Generally, the standard of review in TPR cases is as follows:

Trial courts are afforded a great deal of discretion in determining whether termination of parental rights is warranted. *M.P.S. v. Cabinet for Human Res.*, 979 S.W.2d 114, 116 (Ky. App. 1998). Accordingly, appellate courts will not set aside the trial court's findings of fact unless they are clearly erroneous. CR[5] 52.01. Findings of fact are clearly erroneous only if there exists no substantial evidence in the record to support them. *Yates v. Wilson*, 339 S.W.2d 458 (Ky. 1960). "The standard of proof before the trial court necessary for the termination of parental rights is clear and convincing evidence." *V.S. v. Commonwealth of Kentucky, Cabinet for Human Res.*, 706 S.W.2d 420, 423 (Ky. App. 1986). "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people." *Rowland v. Holt*, 253 Ky. 718, 70 S.W.2d 5, 9 (1934).

---

[5] Kentucky Rules of Civil Procedure.

*M.P.R. v. Cabinet for Health and Family Services*, 520 S.W.3d 409, 412 (Ky. App. 2017). "However, it is only when a court does decide to terminate that clear and convincing evidence is required. Otherwise, there need be only substantial evidence to support a trial court's finding in order to avoid reversal." *D.G.R. v. Commonwealth, Cabinet for Health and Family Services*, 364 S.W.3d 106, 114 (Ky. 2012).

In this case, the family court granted summary judgment and dismissed the petition without an evidentiary hearing. "Summary judgment is only appropriate where there is 'no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" *Powers v. Kentucky Farm Bureau Mutual Insurance Company*, 694 S.W.3d 361, 372 (Ky. 2024) (quoting *Wymer v. JH Props., Inc.*, 50 S.W.3d 195, 199 (Ky. 2001)). We review matters of law *de novo* "to determine whether the record reflects a genuine issue of material fact, a reviewing court must also consider whether the trial court gave the party opposing the motion an ample opportunity to respond and complete discovery before the court entered its ruling." *Id.*

Upon review of the record and applicable law, we must reverse the family court's judgment for a matter not raised by either party or addressed by the family court. This Court has the power to correct errors of lower courts no matter the procedural posture of the case:

In the exercise of its inherent power, an appellate court may decide an issue that was not presented by the parties so long as the appellate court confines itself to the record. *Priestley v. Priestley*, 949 S.W.2d 594, 59[6] (Ky. 1997). This power derives from an appellate court's supervisory authority over lower courts. KY. CONST. § 110(2)(a); and KY. CONST. § 111(2). Appellate jurisdiction "is the power and authority to review, revise, correct or affirm the decisions of an inferior court, and, more particularly, to exercise the same judicial power which has been executed in the court of original jurisdiction." *Copley v. Craft*, 341 S.W.2d 70, 72 (Ky. 1960).

*Gasaway v. Commonwealth*, 671 S.W.3d 298, 311-12 (Ky. 2023) (footnotes omitted).

Upon review of KRS Chapter 625, an evidentiary hearing is a statutory requirement in TPR proceedings. The Kentucky Rules of Civil Procedure apply "in all actions of a civil nature in the Court of Justice except for special statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules[.]" CR 1(2). KRS 625.080 requires "[i]n any involuntary action for termination of parental rights: (1) The Circuit Court *shall* conduct a private hearing." (Emphasis added.) KRS 625.050(7) requires: "Any petition filed pursuant to this section shall be fully adjudicated" before a judgment is entered.

Furthermore, we have found no Kentucky case law authorizing summary judgment in TPR proceedings, and we decline to authorize it here given

the hearing requirement in KRS 625.080. Thus, we hold the family court erred in granting summary judgment. On remand, the family court must hold an evidentiary hearing before entering a final judgment in this case.

For the foregoing reasons, we reverse the judgment of the Jefferson Family Court and remand for an evidentiary hearing.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Leslie M. Laupp
Covington, Kentucky

BRIEF FOR APPELLEE:

Patrick C.M. Hoerter
Louisville, Kentucky